UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 24 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Kevin Fennick, )
)
    Plaintiff, )
)
v. ) Civil Action No. 19-1332 (UNA)
)
Commonwealth of Massachusetts, )
)
    Defendant. )

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, has filed a Motion for Reconsideration of the order entered on May 20, 2019, dismissing this action without prejudice for insufficient pleading under Rule 8(a) of the Federal Rules of Civil Procedure. *See* Mem. Op. [Dkt. # 3]. Since the motion was filed more than 28 days after entry of the final order, it is treated as a request for relief under Rule 60(b). *See Hall v. CIA*, 437 F.3d 94, 98 (D.C. Cir. 2006) (affirming district court's treatment of the plaintiff's untimely Rule 59(e) motion for reconsideration as a Rule 60(b) motion).

In its discretion, a court may relieve a party from a final judgment, order or proceeding for any one of six enumerated reasons, *see* Fed. R. Civ. P. 60(b)(1)-(6), none of which plaintiff has asserted. To justify reopening this matter, plaintiff must in any event show that his underlying claim is meritorious. He need not satisfy a particularly "high bar" but still must offer "a hint of a suggestion" that he might prevail if the case is reopened. *Thomas v. Holder*, 750 F.3d 899, 902 (D.C. Cir. 2014) (quoting *Marino v. DEA*, 685 F.3d 1076, 1080 (D.C. Cir. 2012) (internal quotation marks omitted)). Plaintiff's motion is no more illuminating than the dismissed complaint and therefore will be denied. A separate order accompanies this Memorandum Opinion.

Date: July 23, 2019

_____
United States District Judge